IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>       v.<br><br>DAVID CHAVEZ, SR.,<br><br>                              Defendant. | CASE NO.  1:07-CR-00192 – AWI – 1<br><br>ORDER GRANTING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)<br><br>ORDER DENYING DEFENDANT'S MOTION TO STRIKE THE GOVERNMENT'S SUPPLEMENTAL OPPOSITION AS MOOT |

## I.        INTRODUCTION

Defendant David Chavez Sr. has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. The Government recognizes that application of the modified drug quantity table in USSG § 2D1.1 would result in a lower offense level and that the defendant is eligible for a reduction. However, the Government asks this Court to exercise its discretion to deny the requested reduction because the sentence imposed already represents a substantial departure from the total maximum exposure that the defendant could have faced if he had been held to answer for all of the charges alleges in the indictment. For the following reasons, the Court will grant the defendant's motion.

1

## II. FACTS[1]

The defendant was the owner and operator of a medical marijuana dispensary in Bakersfield, California, known as "Nature's Medicinal Co-Op." From some time in 2005 to May 1, 2007, the defendant operated his dispensary with the help of approximately ten employees, several of whom operated as armed security for the dispensary. On May 1, 2007, Drug Enforcement Administration ("DEA") agents executed a search warrant at the defendant's residence, recovering *inter alia*, more than four kilograms of marijuana. Drug enforcement agents also executed a search warrant at Nature's Medicinal Co-Op, recovering approximately 50 kilograms of marijuana and receipts detailing the marijuana sales. When interviewed by drug enforcement agents, the defendant indicated that he opened the dispensary – which he believed to be in compliance with California law – in an effort to legitimize his longstanding income stream from marijuana sales.

On May 22, 2007, the defendant reopened his dispensary and again sold marijuana. Drug enforcement agents executed a second set of search warrants at the defendant's home and dispensary on July 16, 2007, recovering additional large quantities of marijuana, marijuana plants, and foods containing marijuana from both locations.

Although the actual quantity of marijuana was never established, the parties agreed that at least 157 kilograms of marijuana attributable to David Chavez Sr. were recovered between the May 1 and July 16 searches.

## III. DISCUSSION

"Section 3582(c)(2) authorizes district courts to modify an imposed 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)). A reduction pursuant to Section 3582(c) is a two-step inquiry. *Dunn*, 728 F.3d at 1155 (citing *Dillon v. United States*, 560 U.S. 817, 825-826 (2010)). First, the court must determine whether the defendant is eligible for a modified sentence pursuant to USSG § 1B1.10. *Dunn*, 728 F.3d at 155. If the first question is answered in the affirmative, the court must consider the

---

[1] The Court relies on the Amended Presentence Report, last revised on February 15, 2013, in composing this factual background.

applicable § 3553(a) factors to determine whether a reduction is warranted under the circumstances of the case. *Dunn*, 728 F.3d at 1155.

As to the first step, effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants. *See* USSG § 1B1.10(d); 79 Fed. Reg. 44,973. In determining whether to grant a reduction pursuant to Section 3582(c)(2) the court substitutes only the amendments authorized for retroactive application and leaves all other guidelines unaffected. USSG § 1B1.10(b)(1).

On December 17, 2012, the defendant entered into a plea agreement with the Government wherein he agreed to plead guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Docs. 141, 143. The defendant acknowledged that approximately 157 kilograms of marijuana attributable to him was seized during the searches of his home and dispensary. Under the 2007 edition of United States Sentencing Guideline Manual, the defendant's initial base offense level was 26 pursuant to § 2D1.1(c)(7) (2007). The Court applied a four-level aggravating role enhancement because the defendant was an organizer, leader, manager, or supervisor in the criminal activity under USSG § 3B1.1(a), resulting in an adjusted offense level of 30. The court then applied a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b), resulting in a total offense level of 27. The defendant's criminal history category was III, resulting in a sentencing range of 87 to 108 months. The Court sentenced the defendant to a term of 87 months of imprisonment, representing the low end of the Guideline Range. Doc. 21.

The sentencing range applicable to the defendant has subsequently been lowered by the United States Sentencing Commission in Amendment 782. The defendant's base offense level has been lowered from 26 to 24. *See* USSG § 2D1.1(c)(8). Leaving all other guidelines unaffected, i.e. applying a four-level enhancement for a leadership role and a three-level reduction for acceptance of responsibility, the defendant's total offense level is lowered from 27 to 25. Based on an offense level of 25 and a criminal history category of III, the defendant's amended guideline range is 70 to 87 months. This determination is not disputed; the defendant is eligible for a reduction in sentence.

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a)

factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *United States v. Navarro*, --- F.3d ----, 2015 WL 5166942, *4 (9th Cir. Sept. 4, 2015) (quoting *Dillon*, 560 U.S. at 827) (internal quotation marks omitted); *see* USSG § 1B1.10, application note 1(B). The consideration of the § 3553 (a) factors is limited; courts may not "reconsider a sentence based on factors unrelated to a retroactive Guidelines amendment." *Navarro*, 2015 WL 516642, at *4 (citation omitted).

The relevant Section 3553(a) factors include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant;" (4) the sentencing range established by the Sentencing Commission for the type of offense committed; (5) any policy statements by the Sentencing Commission; and (6) the need to avoid unwarranted sentence disparities. *See* 18 U.S.C. § 3553(a); *United States v. Rodriguez-Gomez*, 2015 WL 488 5181, *1 (S.D. Cal. Aug. 13, 2015); *United States v. Denwitty*, 2015 WL 23452790, *1 (E.D. Cal. May 21, 2015). The Government asks this Court to exercise its discretion to deny Defendant's motion, specifically considering the Government's concessions regarding the Defendant's criminal history, agreement not to seek a career offender enhancement or firearm enhancement, and dismissal of the continuing criminal enterprise charge.

The Court has reviewed and considered Defendant's presentence report, last revised on February 15, 2013. The Court has also reviewed its comments made during Defendant's sentencing on July 8, 2013.[2] The Court has again considered the relevant 3553(a) factors in light of the arguments put forth by the Government. For the same reasons that it ordered a sentence at the low end of the Guideline Range at the defendant's sentencing on July 8, 2013, the Court finds that the Section 3553(a) factors support a sentence at the low end of the amended guideline range. Accordingly, the Court will exercise its

---

[2] The Court noted:

> at least under federal law, and I know that there's still some tension here, but under federal law, this is a serious offense, and I do take that into consideration in terms of sentencing factors. I also note, however, that there are mitigating factors based upon the defendant's history and background, including family ties in this case, and as Mr. Chavez has indicated, it was compliance under state law, and I recognized that and mentioned that in sentencing other defendants.

4

discretion to grant the defendant's motion for reduction of sentence.

## IV.   ORDER

IT IS HEREBY ORDERED that the term of imprisonment imposed on July 8, 2013, reflected in the judgment dated July 10, 2013, is reduced to a term of 70 months, effective as of November 1, 2015. If this sentence is less than the amount of time the defendant has already served as of November 1, 2015, the sentence is reduced to a time served sentence. If the defendant is released from custody before November 1, 2015, this order will be of no effect. In no event is this Order to be understood as authorizing release prior to November 1, 2015 or authorizing a term of imprisonment less than the term actually served on November 1, 2015.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, an effective date of the amended judgment as November 1, 2015, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, the defendant shall report to the United States Probation Office within seventy-two hours after his release.

In light of the Court's granting of the defendant's motion for sentence reduction, Defendant's motion to strike the Government's supplemental opposition is DENIED as moot.

IT IS SO ORDERED.

Dated:   September 30, 2015                    _____
                                              SENIOR DISTRICT JUDGE