1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    UNITED STATES OF AMERICA,              No. 1:07-cr-000192 JLT

12              Plaintiff,                   ORDER DENYING REQUEST TO
                                             EXPUNGE CONVICTION
13         v.
                                             (Doc. 482)
14    DAVID CHAVEZ, SR.,

15              Defendant.

16

17         On December 17, 2012, David Chavez, Sr., entered a plea of guilty to a charge of

18    conspiring to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Docs. 441,

19    443.) On July 8, 2013, District Judge Anthony W. Ishii, who was then presiding over this case,

20    sentenced Defendant to an 87-month term of incarceration followed by 36 months of supervised

21    release. (Docs. 457, 458.) On September 30, 2015, Defendant's prison term was reduced to 70

22    months. (Docs. 479, 480.) When ordering the sentence reduction, the Court summarized the facts

23    of the case as follows:

24         The defendant was the owner and operator of a medical marijuana
           dispensary in Bakersfield, California, known as "Nature's Medicinal
25         Co-Op." From some time in 2005 to May 1, 2007, the defendant
           operated his dispensary with the help of approximately ten
26         employees, several of whom operated as armed security for the
           dispensary. On May 1, 2007, Drug Enforcement Administration
27         ("DEA") agents executed a search warrant at the defendant's
           residence, recovering inter alia, more than four kilograms of
28         marijuana. Drug enforcement agents also executed a search warrant

                                             1

at Nature's Medicinal Co-Op, recovering approximately 50 kilograms of marijuana and receipts detailing the marijuana sales. When interviewed by drug enforcement agents, the defendant indicated that he opened the dispensary – which he believed to be in compliance with California law – in an effort to legitimize his longstanding income stream from marijuana sales.

On May 22, 2007, the defendant reopened his dispensary and again sold marijuana. Drug enforcement agents executed a second set of search warrants at the defendant's home and dispensary on July 16, 2007, recovering additional large quantities of marijuana, marijuana plants, and foods containing marijuana from both locations.

Although the actual quantity of marijuana was never established, the parties agreed that at least 157 kilograms of marijuana attributable to David Chavez Sr. were recovered between the May 1 and July 16 searches.

(Doc. 479 at 2.)

On November 12, 2024, Defendant filed a pro se request to have his conviction expunged, noting that he was released in 2016 for "good behavior." (Doc. 482.) He also offers that he has been a model citizen, raised his son and helped raise two grandchildren, worked full-time, and has been active in his community and church. (*Id*.)

Though the conduct Defendant describes is commendable, the Court is not able to order the requested relief. Where the validity of the conviction is not being challenged, federal courts lack jurisdiction to expunge criminal convictions unless specifically provided for by statute or constitutional provision. See *United States v. Batmasian*, 66 F.4th 1278, 1283 (11th Cir. 2023); *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016) (citing cases); *United States v. Meyer*, 439 F.3d 855, 859–60 (8th Cir. 2006); *United States v. Sitorus*, No. 2:03-CR-00253-DAD, 2023 WL 2842657, at *1 (E.D. Cal. Apr. 7, 2023). Defendant does not identify, and the Court is not aware of, any statute or constitutional provision that authorizes the relief requested here. For these reasons, Defendant's request to expunge his conviction in this case is DENIED.

IT IS SO ORDERED.

Dated:   **November 25, 2024**

UNITED STATES DISTRICT JUDGE

2